Wey v NASDAQ, Inc. (2020 NY Slip Op 06878)





Wey v NASDAQ, Inc.


2020 NY Slip Op 06878


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Webber, J.P., González, Scarpulla, Shulman, JJ. 


Index No. 651684/18 Appeal No. 12449-12449A-12449B Case No. 2020-01548 

[*1]Benjamin Wey et al., Plaintiffs-Appellants-Respondents,
v
NASDAQ, Inc., et al., Defendants-Respondents-Appellants.


Lupkin PLLC, New York (Jonathan Daniel Lupkin of counsel), for appellants-respondents.
Gibson, Dunn & Crutcher LLP, Washington, DC (Amir C. Tayrani of the bar of the District of Columbia, admitted pro hac vice, of counsel), for respondents-appellants.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered March 4, 2020, dismissing the complaint without prejudice, unanimously modified, on the law, to the extent of making the dismissal with prejudice, and as so modified, affirmed, with costs. Appeals from order, same court and Justice, entered on or about February 11, 2020, unanimously dismissed, without costs, as subsumed in the appeals from the judgment.
Defendant Nasdaq Stock Market LLC is a self-regulatory organization (SRO) (see e.g. [*2]United States v Wey, 252 F Supp 3d 237, 244 [SD NY 2017]). Under the circumstances alleged in the complaint, the Nasdaq Stock Market, its parent (defendant Nasdaq, Inc.), and the individual defendants, who are officers and/or employees of Nasdaq and/or the Nasdaq Stock Market, are entitled to absolute immunity (see e.g. D'Alessio v New York Stock Exch., Inc., 258 F3d 93, 104 & 106 [2d Cir 2001] [SRO], cert denied 534 US 1066 [2001]; In re Facebook, Inc., IPO Sec. & Derivative Litig., 986 F Supp 2d 428, 438-439, 450 & n 7 [SD NY 2013] [parent]; City of Providence, R.I. v Bats Global Mkts., Inc., 878 F3d 36, 46 [2d Cir 2017] [officers], cert denied __ US __, 139 S Ct 341 [2018]).
In light of the above disposition, we need not reach plaintiffs' remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020